UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-152-PEP

JOHNNY NICHOLS,                                                          PLAINTIFF,


V.                          **MEMORANDUM OPINION**
                                  **AND ORDER**


AMANDA SINCELL,                                                        DEFENDANT.



        This matter is before the court upon Defendant's Motion for Summary

Judgment. [Record No. 19.] Now fully briefed and ripe for decision, said motion shall

be overruled for the reasons set forth in this opinion.

                   I.  RELEVANT FACTS AND PROCEDURAL HISTORY

        In this action, which Defendant removed to this court from the Pike Circuit

Court of Kentucky on the basis of diversity of citizenship jurisdiction [Record No. 1,

Notice of Removal], Plaintiff, Johnny Nichols, seeks to recover from Defendant,

Amanda Sincell, compensatory damages for personal injuries Plaintiff claims to have

suffered on March 13, 2004, while riding as a passenger in an automobile driven by

Defendant. [Id., Attachment No. 1, Complaint, pp. 1-2.]  According to Plaintiff's

Complaint, Defendant negligently drove her vehicle off the roadway on Ky Highway

194 in Pike County, Kentucky, and struck a utility pole. [Id.] Plaintiff seeks to recover

past and future medical expenses, past and future pain and suffering, and other

compensatory damages for alleged personal injury.

After completion of discovery and within the time limit set by the court's

scheduling orders [see R. Nos. 9, 16 and 18], Defendant filed the subject motion for

summary judgment and a memorandum of law in support. [Record No. 19.] Plaintiff

filed a Response [Record No. 21] and a Supplemental Response [Record No. 22], to

which Defendant filed a Reply. [Record No. 23.]  Plaintiff proceeded to file, without

leave of court,[1] a Response [Record No. 24] to Defendant's said Reply.  Thus fully

briefed, Defendant's motion is ripe for decision.

## II.  ANALYSIS

### A.  Applicable Substantive Law

Pursuant to the well-known doctrine set forth in Erie R.R. Co. v. Tompkins, 304

U.S. 64 (1938), a federal court in a diversity action must apply the same substantive

law that would be applied if the action had been brought in a state court of the

jurisdiction in which the federal court is located.  Equitable Life Assurance Soc'y v.

---

[1] Local Rule 7.1(c)(1) and (2) permit a response and a reply to any motion, but do
not provide for any other type of responsive brief on a motion without leave of court.

Poe, 143 F.3d 1013, 1016 (6th Cir. 1998).  Therefore, the Court will look to Kentucky substantive law in this case.

### B.  Kentucky Law – Elements of a Negligence Claim

In a negligence action under Kentucky law, a Plaintiff must prove:  "(1) a duty on the part of the defendant; (2) a breach of the duty; and (3) a causal connection between the breach and an injury suffered by the plaintiff."  Grisham v. Wal-Mart Stores, Inc., 929 F. Supp. 1054, 1056 (E.D. Ky. 1995) (citing Mullins v. Commonwealth Life Ins. Co., 839 S.W.2d 245, 247 (Ky. 1992)).   Further, "the absence of any one of the three elements is fatal to the claim."  M & T Chemicals, Inc. v. Westrick, 525 S.W.2d 740, 741 (Ky. 1974).

### C.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The movant must make an initial showing that there is an "absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  Street v. J. C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989), citing Celotex Corp. v. Catrett,477 U.S. 317, 323 (1986).  This showing may be made by "pointing out to the

court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." Id. In other words, the movant can challenge the non-movant to "put up or shut up" on a critical issue. Id. at 1478.

If the movant makes this showing, then the non-movant must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The test for deciding a motion for summary judgment is the same as that for directed verdict. Id. at 323; Street, 886 F.2d at 1479. The mandate of Rule 56(e) that judgment shall be entered against the non-moving party unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial is not, however, to be satisfied by replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Where the record, taken as a whole, cannot lead a rational trier of fact to

find for the non-moving party, there is no genuine issue for trial.  Id. at 586-87.

    D.   Defendant's Contentions

In her Motion for Summary Judgment in this case, Defendant contends that she is entitled to judgment in her favor as a matter of law because it is an undisputed fact that Defendant was forced off the highway by an unknown vehicle traveling in the opposite direction which came into Defendant's lane of travel on the two-lane road; and, Plaintiff has made a judicial admission that Defendant thereby was not at fault in the accident. [Record No. 19, Memorandum in Support, p. 3.]  In support of this argument, Defendant relies on an audio-taped statement of how the accident occurred which Plaintiff gave to an employee of Plaintiff's insurance company, Allstate Insurance. [Id.]  While giving that statement, Plaintiff made a number of factual statements that are allegedly judicial admissions that Defendant claims entitle her to judgment in her as a matter of law. [Id.] A transcript of that recorded statement is attached to Defendant's Memorandum. [Id., Attachment 1.]

As Plaintiff properly contends in response, the question of Defendant's negligence in causing the subject accident is a jury question, even if there are no issues of fact as to how that accident occurred.  As the United States Court of Appeals for the Sixth Circuit analyzed the issue under Kentucky law in a case with virtually identical facts:

> The fact that it may not actually have been necessary for defendant to have driven on the shoulder of the road does not establish her negligence if defendant, confronted with an emergency, had good reason to believe that it was. But whether she acted reasonably under the circumstances in driving off the pavement and attempting immediately to return was, in our opinion, for the jury and not the court to determine.

Taylor v. Cirino, 321 F.2d 279, 283 (6th Cir. 1963)(citations omitted).  In this case, the facts are sketchy at best, and upon the present state of the record herein, summary judgment for Defendant is not appropriate.  Like the facts in the Taylor case, the facts herein do not absolve Defendant of actionable negligence.  And, like the situation in Taylor, the evidence is sufficient for a jury to find Defendant to have been negligent under the circumstances presented, thereby precluding summary judgment in favor of Defendant.

Contrary to her argument, Defendant cannot succeed on her motion by claiming that Plaintiff made a "judicial admission" in her statements to her insurance company shortly after the accident. To put it simply, those statements were not made in a judicial proceeding, i.e., in a discovery deposition or in court, and therefore, they cannot properly constitute "judicial" admissions.

In Sutherland v. Davis, 151 S.W.2d 1021 (1941), a judicial admission was defined by Kentucky's highest court as "a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by

the opponent and bars the party himself from disputing it." 151 S.W.2d at 1023.  In

Bell v. Harmon, Ky., 284 S.W.2d 812 (1955), the Kentucky Supreme Court said that

the judicial admission rule "should be applied with caution because of the variable

nature of testimony and because of the ever present possibility of honest mistake."

Goldsmith v. Allied Bldg. Components, Inc., 833 S.W.2d 378, 380 (1992).  Clearly,

Plaintiff's statement to her insurance company, not having been taken in the course

of a "judicial" proceeding, cannot constitute a "judicial admission."  Therefore,

Defendant's claim to summary judgment in her favor cannot be based upon that so-

called "evidence."  Id.

Furthermore, nothing in Plaintiff's discovery deposition as cited by Defendant

constitutes a "judicial admission."  Considering the meager portions of the parties'

respective discovery depositions which have been provided, [2] nothing said in those

portions of the depositions which have been provided for review is dispositive of the

---

[2] Neither party has filed in the court record any of the discovery depositions cited in their respective memoranda, contrary to the undersigned's prior order dated July 16, 2004 [Record No. 9, ¶ (6)(b)], which provided, in relevant part:

(6)    By virtue of the December 1, 2000 amendment of Fed. R. Civ. P. 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the court otherwise specifically so orders:

...
(b)  Any and all discovery depositions cited in any motion, including motions for summary judgment, or which may be used at trial for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein **shall be filed** of record in this case.

issue of Defendant's potential liability. <u>Lewis v. Kenady</u>, 894 S.W.2d 619, 622 (Ky. 1995).

Therefore, there is a jury question presented as to whether Defendant operated her vehicle in a negligent manner so as to cause the injuries claimed by Plaintiff, requiring that Defendant's Motion for Summary Judgment be overruled. Accordingly, and the court being otherwise sufficiently advised,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)    The Motion of Defendant Amanda Sincell for Summary Judgment [Record No. 19] is hereby OVERRULED.

(2)    In addition to regular service by mail or electronic means, a copy of this order shall be transmitted forthwith to all counsel of record by facsimile.

Signed May 12, 2005.



Signed By:

<u>**Peggy E. Patterson**</u>   ρεp

**United States Magistrate Judge**

Date of Entry and Service: